You may proceed. May it please the court, Judy Madewell on behalf of Chanda Huor. Mr. Huor was plead guilty to failure to register as a sex offender under SORNA. He was sentenced to 24 years in prison. Mr. Huor, we are challenging four of the conditions of supervised release. First, there's a condition that prohibits him going to places where minors frequent. The government concedes that this special condition was not orally pronounced at sentencing and should be vacated. That's in the government's brief, pages 22 to 23. The second condition orders the defendant to follow lifestyle restrictions imposed by a therapist throughout the course of supervision. This is the identical special condition that was at issue in this court, before this court in Marin and in Pitts, and we 28-J both of those cases. In Marin, the court said this is an improper delegation of judicial authority to a non-judicial actor. Well, we know we've got to re-sentence because of that. What else do you have to tell us? And that's where I'm headed. Unless the court had questions on those, I'd like to address the other two. It seems to me that Pitts is controlling this and we've got to follow it. I agree. So the two conditions that I'd like to discuss are the sex offender treatment and the ban on sexually oriented materials that I'll call the pornography ban. Huor objected to both of these conditions at sentencing, and he argued with regard to the pornography ban that his prior sex offense did not involve pornography and there was no evidence in the record of pornography being involved in any subsequent behavior. On the sex offender treatment condition, he argued that his prior offense was remote. He was 18 years old. That at the time he committed it, he was 16. He was sentenced to and did eight years in prison and had no infractions during his imprisonment. And then he was out in the free world for 10 years and had no subsequent similar behavior. He also was in sex offender treatment in 2013, and he not only attended it, he actually participated in it. There he admitted for the first time to anyone that he had in fact been sexually assaulted when he was five years old by the son of his mother's friend. So in response to Huor's objections, the district court said, I think I agree with you in part, and here's what I'm going to do. I'm going to amend this condition, and the court was talking about there the sex offender condition, but it put the amendment on both the sex offender and the pornography conditions. He said, I'm going to amend the condition at this time to require at least an initial evaluation. The problem is with the way that that special condition is worded in the written judgment. It's worded, it starts out with pretty formal, form language in the Western District for sex offender condition. But then the fourth sentence says, after an initial evaluation, if the doctor finds the treatment isn't necessary and the defendant is not a danger, the court will amend and abate the special condition of supervised release. But it's the court that needs to find based upon a doctor's report. I mean, they don't have to have a doctor's report, but if they're asking for it, isn't it the court that must make the determination? Otherwise, it's an improper delegation. Yes, that's our argument. In fact, the court made that clear in Marin. The court said, obviously district courts can rely on nonjudicial actors, but the proper procedure has to be followed. They have to bring their recommendations to the court, who then makes the decision on this. Well, how do we fix that? Do we, whenever it's having to be, because this case is having to be remanded anyway, do we ask the court to note, I mean, do we note that that was phrased incorrectly and that the court wishes, believes it's appropriate? The court may consider that condition, but must be the one who makes the decision. Is that how we handle that? I would like to argue that because it's an improper delegation, the court should vacate both conditions. But, since we're already going back, since there might be vices for it. And this court has, at a minimum, it's ambiguous as to what the court was attempting to do. So I think the court should send it back with instructions. And, as an example, there was an identical case out of the Western District of Texas San Antonio Division by a different judge. It was the same scenario. Failure to register, was going to impose the sex offender condition, the defendant objected. And there the judge, the special condition the judge used was, the defendant shall report to a mental health treatment professional as directed by the probation officer. Once an initial evaluation is completed, any recommendations by the mental health professional should be sent to the probation officer, who will then present those recommendations to the judge. So I think it's as simple as that, as instructing the court that regardless of what the mental health professional finds, the ultimate decision has to be made by the judge. And what case is that one again? Yes, that is, it's out of the Western District San Antonio Division. The case number is 15CR00181. And the defendant's name is Ryan Schartzer, S-H-A-R-T-Z-E-R. I have a question in general about the Western District. And perhaps I should ask the U.S. Attorney. But it appears that they're doing standard conditions about sex treatment, sex offender treatment. Am I wrong on that? No, you're not wrong on that. But I thought that we had hearings about that less than a year ago and talked about that standard conditions are supposed to be standard things but not things that are specialized, and that the guidelines themselves talk about that these are special conditions, not standard conditions. Is that perpetuating that these are standard, being put as standard rather than as special? Because they're very dependent upon each individual person, so they don't really fit a standard condition. And I think one of the confusions there with the standard language is that they're not, I mean, if you look at 3583D or you look at the guidelines, they set out certain mandatory conditions that the court is to impose. Standard conditions are actually special conditions. But the difference is if you have it set out ahead of time, like in the Western District's standard conditions, then the court doesn't have to orally pronounce each of those, and so you don't run into that. And we've had that where they didn't, or we've had that a couple of times at least, where they didn't orally pronounce and then the person didn't have the chance to object, and it's been an issue about whether that's plain error or whether they didn't have a chance, so it's not. We've held it's not plain error. So I think what's happening, though, is the judges are, to a large extent, just treating them similar to mandatory conditions, that they apply in every case. Now, I will say that the Western District just issued new conditions. I think it was July 2016, and I don't know whether I brought those with me or not, but I think they still have the mandatory standard, but they've really changed up their special conditions. And it specifically says on that that they were doing it in response to Marin. So I believe they have adjusted at least the special conditions in response to the court's concerns. And if I have the standard conditions with me, I'll look and could inform the court. Did you have anything further? No, I didn't. Thank you. Thank you. May it please the Court, my name is Jennifer Friel, and I represent the United States. I will echo what Ms. Madewell said. There are new conditions that have been released by the District, and the attempt was to take into consideration the case law from the Circuit on those conditions. It's been a bit of time since I have read them, but I do know they are publicly available, and I'm happy to even look them up on my phone. No, that's okay. The District Court, with advice from the public defender, the U.S. Attorney, has read your opinions and is attempting to do a job of following the law, of course. With regard to the issues with Mr. Horst specifically, certainly the Circuit put out quite a bit of law on this issue of delegation of judicial authority in between when we originally filed the briefing. And Horst's counsel did alert the Court of these new cases in 28-J, like Ramorin and Lomas and Pitts. And I would like, for just one moment, to try and say how I think our case is distinguishable. And really, the place that's distinguishable is on the fourth prong of plain error review. Of course, the fourth prong is something necessary the Court has to consider. We're looking at the fairness, integrity, and the public reputation. And in this particular situation, when you read that sentencing hearing, Judge Ezra is trying to come up with a compromise. He's listening to Mr. Horst, who's saying, I just finished sex offender treatment. I don't think this is really necessary. And as a compromise, he adds that language. The language is actually underlined in the judgment. Well, let's do an initial evaluation first and then see if this is really required. And this is an individual who, let's not forget, did rape a four-year-old. And while he hasn't reoffended, when he was found in San Antonio, Texas, he was living in a home with two small children under a fake name. And I would suggest a fake identity because he lied about his name and his age. The record suggests he had lied to his previous girlfriend as well about his identity. So the District Court was very concerned about this individual and was trying to come up with a compromise and added the language about the initial evaluation. I'd also like to point out that even after serving his time for that horrendous crime that he committed when he was 16, he had trouble on probation for that crime. I'm looking at page 145 of the Record on Appeal. After being released from prison, he had several violations, a violation in 2005, a violation in 2009, a violation in 2010, a violation in 2011. Can't the District Court consider all of that if we send it back with the correct language because we already have to send this case back? So there's nothing that prohibits the District Court from taking all of the proper factors into consideration and still imposing a proper condition, is there? There's not. You know, reading that transcript and knowing how this came about, I thought I needed to give it the old trident to get the judge, Ezra, affirmed on those. But the same arguments do support the fact that these conditions are reasonably related to the statutory factors. This would be the issue one in the briefing, and whether or not they're reasonably related to what the statute requires. Certainly the court considers the history and characteristics, which that comes into play, all of these violations. Certainly they consider deterring future criminal conduct, protecting the public, and this case is unlike those cited in Poirot's brief, such as Salazar, where the District Court doesn't say anything as to why sex offender treatment is required or doesn't say anything about why there's a prohibition on sexually stimulating materials. Here the court did that, and I think the record is clear. In fact, one of his violations of probation for his original sentence involved pornography, and another involved improper access to the Internet, which suggests perhaps it was also pornography. And the District Court can consider that all. They can. It has to have the right. So I do believe that if we're talking about a remedy, a remand for resentencing, there's no need to strike these conditions. I don't think they've met the burden to show that they were not reasonably related to those conditions. But on the first one, do we strike that one? Or do you get a do-over on the first one too? You mean the minor? Yes. Well, we conceded in our brief that it wasn't an act. Right, so that one just gets stricken, and then you get a do-over for lack of formality on the rest of them. Is that right? Yes, Your Honor. Well, not for the Pitts one, but for the other two. Yes. Not with the frequent contact with minors. That's the one that was not orally pronounced. But again, conditions can be modified. That's what's interesting about these cases. When he is released and the court sees a problem with him, maybe he does move back in with someone with minors. That could also be re-added as long as it's done properly. So I think the court has my argument. And certainly in Lomas, I think it was first in Lomas, but it was repeated in several subsequent cases, there was direct language in the opinion about how to direct the district court. So I think that language could certainly be used again. Any further questions? I'll yield the remainder of my time. Thank you, counsel. We have your argument. I wasn't going to do rebuttal until the very last. I have to disagree that the instruction in Lomas is the correct instruction in this case because in Lomas, the condition was the defendant shall participate in mental health treatment as deemed necessary and approved by the probation officer. And so the court said it was ambiguous as to whether it was mandatory the defendant is required or whether it was discretionary as deemed necessary. So it's sent back with instruction. And the first part was if you meant to impose sex offender treatment and you were just leaving the details to the probation officer, that's a proper condition. If, however, you meant to leave the decision to the probation officer, that's an improper condition. Here the district court, and if you read the sentencing transcript, and I apologize for it not being in the record excerpts, it's very clear that the court wanted an evaluation before the decision was made. He said at one point this is my concern. But just now when you said improper condition, you meant it was an improper delegation. Improper delegation, yes, yes. He said at one point, you know, this is my concern about these women. I could be innocent, maybe not. I don't know. So let's get an evaluation done from a professional. So I would disagree that the Lomas instruction is the correct one. Okay. Thank you, counsel.